UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIDIA STINSON, | : | |
|   Plaintiff | : | Civ. Action No. |
| | : | |
| VS. | : | |
| | : | |
| TRINITY HEALTH OF NEW | : | |
| ENGLAND CORPORATION, INC. | : | |
| and FRANKLIN MEDICAL | : | |
| GROUP, P.C. | : | |
|   Defendants | : | May 10, 2023 |

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees, injunctive relief, and other relief as a result of Defendants' violation of the Family and Medical Leave Act ("FMLA") 29 U.S.C. §§2601 *et seq.* and the Connecticut Family and Medical Leave Act. ("CT FMLA"), Conn. Gen. Stat. §§35-51kk *et seq.*

### PARTIES

2. Plaintiff Lidia Stinson is an individual residing at 8 Fox Glen Road in Burlington, CT 06013.

3. Defendant, Trinity Health of New England Corporation, Inc. ("Trinity Health") is a corporation that owns and maintains several medical facilities in Connecticut, including hospitals clinics, and other medical offices. Trinity Health's principal business address is 114 Woodland Street, Hartford, CT 06105.

4. Defendant Franklin Medical Group, P.C. ("Franklin Medical") is a medical group practice located at 56 Franklin Street, Waterbury, CT 06013.

1

5. Collectively, Defendants Trinity Health and Franklin Medical are hereinafter referred to as "Defendants."

6. At all relevant times, through common management and interrelated operation, Plaintiff was jointly employed by Defendants Trinity Health and Franklin Medical.

7. Defendants collectively employ more than 11,000 individuals.

8. Plaintiff has filed disability discrimination claims with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunities Commission ("EEOC") against Defendants, alleging violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60 *et seq.* Once Plaintiff is eligible to obtain a release of jurisdiction from the CHRO and the EEOC, Plaintiff intends to incorporate said claims into this action by way of an amended complaint.

**JURISDICTION**

9. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because it raises federal questions under the FMLA. This Court has supplemental jurisdiction over Plaintiff's CT FMLA claim pursuant to 28 U.S.C. § 1367(a).

**COUNT ONE:    INTERFERENCE WITH THE EXERCISE OF RIGHTS IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq.*,**

10. Defendants were, at all times relevant to this Complaint, engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar

work weeks in the current or preceding calendar year.

11. At all times relevant, Defendants were an employer as defined in 29 U.S.C. § 2611(4).

12. At all times relevant herein, Plaintiff was employed by Defendants for at least twelve (12) months and had at least one thousand two hundred fifty (1,250) hours of service with the Defendants in the 12 months immediately preceding a request for medical leave.

13. At all times relevant herein, Plaintiff was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

14. In approximately 2009, Plaintiff was hired by Defendant's predecessor as a Sonographer, which was later acquired by Defendant Franklin Medical Group.

15. On June 8, 2018, Plaintiff began employment with Defendant Trinity Health as a Lead Sonographer.

16. For the majority of her employment, Plaintiff received excellent annual reviews, and was considered to be the "lead sonographer" in her department.

17. Plaintiff suffers from substance use disorder for which she received treatment.

18. On or about December 11, 2022, at the direction of her medical providers, Plaintiff enrolled in a residential treatment program to receive medical treatment for substance abuse disorder.

19. On or about December 11, 2022, Plaintiff requested FMLA leave to attend her treatment program. Her anticipated return to work date was January 8, 2023.

20. Plaintiff had taken FMLA leave within the prior 12 months but had only used approximately 5 of the 12 weeks she was entitled to under the FMLA and the CT

FMLA.

21. Despite having approximately 7 weeks of remaining FMLA time, on December 29, 2022, Defendants told Plaintiff that she had exhausted her FMLA, and was terminated effective immediately.

22. Defendants have interfered with Plaintiff's exercise of rights provided by the FMLA in violation of 29 U.S.C. § 2615(a)(1).

23. As a result of Defendants' conduct Plaintiff has suffered damages, including, but not limited to, economic losses, in the form of lost salary, employment benefits and other compensation and loss of employment benefits. Additionally, based on Defendants' actions, Plaintiff is entitled to interest and liquidated damages under the FMLA.

24. As a further result of the actions of Defendants, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

**COUNT TWO:   INTERFERENCE WITH THE EXERCISE OF RIGHTS IN VIOLATION OF THE CONNECTICUT FAMILY AND MEDICAL LEAVE ACT, C.G.S. § 35-51kk *et seq.*,**

25. At all times relevant herein, Defendants were an employer as defined by C.G.S. § 31-51kk(4).

26. At all times relevant herein, Plaintiff was employed for Defendants for at least three months preceding her request for leave.

27. At all times relevant herein, Plaintiff was an eligible employee as defined by C.G.S. § 31-51kk(1).

28. Based on the foregoing, Defendants have interfered with Plaintiff's exercise of rights provided by the Connecticut Family and Medical Leave Act in violation of

C.G.S. § 31-51pp(a)(1).

29. As a result of Defendants' conduct Plaintiff has suffered damages, including, but not limited to, economic losses, in the form of lost salary, employment benefits and other compensation and loss of employment benefits.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Liquidated damages as provided under 29 U.S.C. § 2617;
2. Attorneys' fees and costs as provided under 29 U.S.C. § 2617(a)(3);
3. Compensatory damages as allowed under applicable law,
4. Back wages and lost benefits under Conn. Gen. Stat. § 31-51pp and under the FMLA;
5. Pre-judgement interest;
6. Reinstatement with seniority under the FMLA and the CT FMLA;
7. Granting of intermittent and other leave;
8. Reinstatement of accrued and/or paid time off;
9. Such other legal and equitable relief as may be available under 29 U.S.C. § 2617(a)(1)(B) and Conn. Gen. Stat. § 31-51pp;.
10. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

                PLAINTIFF,
                LIDIA STINSON

By:   */s/ William G. Madsen*
       William G. Madsen (ct 09853)
       Madsen, Prestley & Parenteau, LLC
       402 Asylum Street
       Hartford, CT 06103
       Tel: (860) 246-2466
       Fax: (860) 246-1794
       wmadsen@mppjustice.com